UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TARUS D. OWENS,

    Petitioner,

v.

ACTION NO. 2:16cv463
[ORIGINAL CRIMINAL NO. 2:97cr150]

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on July 26, 2016. ECF No. 87.[1] The Motion was filed at the direction of the Court of Appeals for the Fourth Circuit, on the same day that the Fourth Circuit granted the Petitioner authorization to file a successive § 2255 motion in this court. ECF No. 86. For the reasons below, the Motion is **DISMISSED** as to Ground Two, and **DENIED** as to Ground One.

### I. PROCEDURAL HISTORY

On February 4, 1998, after a three-day jury trial, a jury found the Petitioner guilty of Counts One, Three, Four, Five, Seven, and Eight of the Indictment. Count One charged the

---

[1] The court accepts the Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is June 16, 2016. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule").

Petitioner with Assault With Intent to Commit Murder, in violation of 18 U.S.C. §§ 7(3) and 113(a); Count Three charged him with Robbery, in violation of 18 U.S.C. § 2111; Counts Four and Five charged him with Use of a Firearm in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1); Count Seven charged him with Possession of Ammunition by a Fugitive, in violation of 18 U.S.C. § 922(g)(2); and Count Eight charged him with Attempted Capital Murder, in violation of 18 U.S.C. §§ 7 and 13. On May 5, 1998, the court sentenced the Petitioner to a total term of life plus three hundred (300) months imprisonment. ECF No. 34. The Petitioner appealed, and on February 25, 1999, the Fourth Circuit affirmed the judgment. ECF No. 50.

On February 25, 2000, the Petitioner filed a motion under 28 U.S.C. § 2255, ECF No. 62, which the court denied in the Memorandum Opinion and Final Order of May 24, 2000. ECF No. 66. On May 25, 2000, the Petitioner requested leave to file an addendum § 2255 motion, ECF No. 67, and on June 7, 2000, the court granted such leave, but denied the addendum § 2255 motion. ECF No. 68. The Petitioner then filed a motion under Federal Rule of Civil Procedure 59(e), ECF No. 69, which the court dismissed on June 27, 2000. ECF No. 70. The Petitioner appealed, and on January 29, 2001, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 72. On September 2, 2015, the Petitioner filed a motion in the Fourth

Circuit, under 28 U.S.C. § 2244, seeking authorization to file a successive § 2255 motion in this court, and the Fourth Circuit denied such authorization on September 21, 2015. ECF No. 83.

On July 26, 2016, the Fourth Circuit granted authorization for the Petitioner to file a successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), thus permitting consideration of the instant Motion by this court. ECF No. 86.[2]

## II. DISCUSSION

### A. The Petitioner's Unauthorized Ground for Relief

As a preliminary matter, while the Petitioner's Motion raises two grounds for relief, Ground Two does not present a claim based on Johnson, and therefore falls beyond the scope of the Fourth Circuit's authorization. Specifically, Ground Two argues that the Petitioner "is serving an illegal sentence where a vague application of the Assimilat[ive] Crimes Act was applied to his conduct." Mot. at 5. For timeliness, the Petitioner invokes "a new rule of constitutional law announced by the Supreme Court which abolished the vague application of Federal statutes without taking into consideration . . . the

---

[2] In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. Welch v. United States, 136 S. Ct. 1257 (2016), made the new right recognized in Johnson applicable on collateral review.

3

defendant[']s conduct on [a] particular occasion." Id. However, while Johnson did apply the constitutional void-for-vagueness doctrine in its ruling, see Johnson, 135 S. Ct. at 2556-57, the ruling did not create the doctrine itself, which has existed for many years. See, e.g., Connally v. Gen. Constr. Co., 269 U.S. 385 (1926). Therefore, Ground Two falls beyond the scope of the Fourth Circuit's authorization based on Johnson, and because this court does not have jurisdiction to consider such unauthorized claims, see 28 U.S.C. §§ 2244(b)(4), 2255(h), Ground Two is **DISMISSED**.

### B. The Petitioner's Authorized Ground for Relief

Ground One of the Motion, which is authorized, challenges the Petitioner's convictions on Counts Four and Five, for Use of a Firearm in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). Mot. at 4-5. The Petitioner's underlying crime of violence for Count Four was Robbery, in violation of 18 U.S.C. § 2111, and his underlying crime of violence for Count Five was Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a). Indictment at 5-6, ECF No. 10. "Crime of violence," for the purposes of § 924(c)(1), is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of

4

another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is the force clause, and subsection (B) is the residual clause. The Petitioner argues that both Robbery and Assault with Intent to Commit Murder count as crimes of violence only under the residual clause, § 924(c)(3)(B). He asserts that Johnson invalidates the residual clause, and therefore his two convictions under § 924(c)(1) must be vacated.

The Petitioner's conviction and sentence do not implicate the ACCA and its residual clause in § 924(e)(2)(B)(ii), and the court declines to extend Johnson to hold that the residual clause in the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague,[3] particularly since the Supreme Court has not addressed this issue.[4]

---

[3] District courts in this circuit have declined to extend the ruling in Johnson to the residual clause in Section 924(c)(3). See, e.g., United States v. Green, No. CR RDB-15-0526, 2016 WL 277982, at *3 (D. Md. Jan. 21, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088, at *8-9 (E.D. Va. Jan. 12, 2016); United States v. Hunter, No. 2:12cr124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 22, 2015).

[4] Importantly, the Supreme Court has not ruled that the residual clause in § 924(c)(3) is unconstitutionally vague. Even with such a ruling, the question would remain over its retroactive applicability on collateral review, which only the Supreme Court can determine. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656, 662 (2001). Should the Supreme Court invalidate the residual clause in § 924(c)(3) and recognize that new right as retroactively applicable on collateral review, a petitioner would have one year from the

5

In addition, the Petitioner's argument fails because the predicate crimes of Robbery, in violation of 18 U.S.C. § 2111, and Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a), are categorically crimes of violence under the force clause of § 924(c)(3)(A).

The language used to prohibit § 2111 Robbery, aside from a special maritime and territorial jurisdictional requirement, is the same used to prohibit armed bank robbery and the lesser-included offense of bank robbery. Compare 18 U.S.C. § 2111, with 18 U.S.C. § 2113(a). Recently, the Fourth Circuit found that armed bank robbery and bank robbery are both crimes of violence under the force clause of 18 U.S.C. § 924(c)(3). See United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016). Because the analysis in McNeal applies equally well to § 2111 Robbery, such robbery is also categorically a "crime of violence" under the force clause of § 924(c)(3), meaning the Petitioner's conviction on Count Four does not implicate the holding in Johnson.

By contrast, the statute prohibiting Assault with Intent to Commit Murder, 18 U.S.C. § 113(a), has not been analyzed by the Fourth Circuit, or by the Supreme Court, for its applicability as a crime of violence under the force clause of § 924(c)(3).

---

date of the invalidation to seek collateral relief on a § 924(c)(1) conviction. See 28 U.S.C. § 2255(f)(3).

Therefore, this court must perform the appropriate analysis here.

To determine which clause in 18 U.S.C. § 924(c)(3) applies to a predicate crime, "the court may (depending on the features of the applicable statute) employ the 'categorical approach' or the 'modified categorical approach.'" United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). The court must apply the categorical approach when the statute for the predicate crime in question "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). However, when the statute lists elements in the alternative and thus defines multiple crimes, the court may apply the modified categorical approach. Id. at 2249. This approach "looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." Id. The modified categorical approach serves as a tool that "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). However, it still focuses "on the elements, rather than the facts, of a crime." Id. at 2285.

Here, the court finds that the statute lists separate, alternative offenses, such as assault with intent to commit

7

murder; assault by striking, beating, or wounding; assault resulting in serious bodily injury; and simple assault. See 18 U.S.C. § 113(a). The statute, therefore, is divisible, and this court may apply the modified categorical approach. In doing so, the court has looked to the Indictment, which is among the permitted class of documents, Descamps, 133 S. Ct. at 2281, and finds that the underlying crime of violence for the Petitioner's conviction on Count Five was indeed Assault with Intent to Commit Murder, found in 18 U.S.C. § 113(a)(1). Indictment at 6. Accordingly, the court must now determine whether that crime necessarily involves the use, attempted use, or threatened use of physical force, as required by the force clause of § 924(c)(3).

Because the term "assault" is not defined by 18 U.S.C. § 113, or anywhere else in Title 18 of the United States Code, the court applies the crime's definition under common law. See United States v. Passaro, 577 F.3d 207, 217-18 (4th Cir. 2009) ("[C]ourts have uniformly recognized that various federal statutes criminalizing 'assault' incorporate the long-established common law definition of that term."). Under the common law, "assault is committed when a person willfully attempts to inflict injury on another, or threatens to inflict injury on another, coupled with an apparent present ability to do so, causing a reasonable apprehension of immediate bodily

8

harm." United States v. Byrd, 409 F. App'x 681, 686-87 (4th Cir. 2011) (citing United States v. Dupree, 544 F.2d 1050, 1051 (9th Cir. 1976); United States v. Bell, 505 F.2d 539, 540 (7th Cir. 1974)).

With common law assault so defined, the court finds that Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a)(1), categorically falls under the force clause of § 924(c)(3). In Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court interpreted the term "physical force," as used in the ACCA, to mean "violent force—that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140. Applying that definition to this predicate crime of violence under § 924(c)(3)(A), the court finds that Assault with Intent to Commit Murder must, at the very least, involve an attempted or threatened use of physical force. In committing such an assault, the perpetrator must not only demonstrate to the victim a present ability to inflict injury, but must also cause the victim to have a reasonable apprehension of immediate bodily harm. Moreover, for Assault with Intent to Commit Murder, "there must exist both the criminal conduct of assault and a specific intention to murder a human being." United States v. Perez, 43 F.3d 1131, 1137 (7th Cir. 1994). Proof of such intent, by necessity, requires some evidence that the defendant used, attempted to use, or threatened to use physical force. For these

9

reasons, Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a)(1), is categorically a crime of violence under the force clause of § 924(c)(3), and the Petitioner's conviction on Count Five does not implicate the holding in Johnson.

Because Johnson does not invalidate the residual clause in § 924(c)(3), and because both Robbery, in violation of 18 U.S.C. § 2111, and Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a), are categorically crimes of violence under the force clause of § 924(c)(3), the Petitioner's convictions for violations of 18 U.S.C. § 924(c)(1)(A) do not implicate the holding in Johnson. The Petitioner, therefore, fails to state a claim under Johnson. Accordingly, Ground One of the Motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Ground Two of the Motion is **DISMISSED**, and Ground One of the Motion is **DENIED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Final Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court at 600 Granby Street, Norfolk, Virginia 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

September 1, 2016

11